No 2,374.

THOMAS MONTGOMERY, RESPONDENT, *v.* L. P. WHITING, APPELLANT.

PRE-EMPTION.—RIGHT OF PARTY TO PRE-EMPT LANDS AFTER EXECUTION SALE OF HIS FORMER POSSESSORY RIGHT.—The sale of a possessory right held under a declaration to pre-empt, at Sheriff's sale, and the subsequent eviction of the party in possession by the purchaser at such sale, under a judgment in ejectment, is no impediment to the filing, by the party evicted, of a new declaration of intention to pre-empt, and the perfecting of the same, under a new settlement, on the same subdivision of the public lands, and embracing the same lands from which he had been evicted.

IDEM.—RELATION OF CONTRACT.—NEWLY-ACQUIRED TITLE.—There is no such relation of contract between the party so acquiring a new title, and the purchaser at the Sheriff's sale, as to constitute the former the trustee of the latter, as to such newly-acquired title, nor does such title enure to the benefit of the purchaser at the Sheriff's sale.

IDEM.—JUDGMENT IN EJECTMENT.—ESTOPPEL.—The judgment in eject-
ment is no bar to the acquisition of such new title, nor does it operate
as an equitable estoppel *in pais*, against the party acquiring such title.

APPEAL from the District Court of the Second District,
Lassen County..

The facts are stated in the opinion.

*J. Lambert*, for Appellant.

*First*—Plaintiff being in possession as owner of the prem-
ises, and having declared his intention to pre-empt the
same at the time of the execution of the Sheriff's deed, and
the rendition of the judgment in ejectment, stood in the
relation of a trustee to defendant, as to any after
acquired title to the premises, and any such after acquired
title would enure to the benefit of defendant. The facts
present clearly a case of constructive trust. By his declara-
tion of intention to pre-empt, plaintiff connected himself
with the United States title, and being indebted to defend-
ant, the judgment of the County Court upon that indebted-
ness, the sale of the premises occupied by plaintiff, the ex-
ecution of the Sheriff's deed under the sale, conveying to
defendant, all the right, title, and interest of plaintiff to the
tract of land in dispute, and afterwards the judgment of
ejectment recorded in favor of defendant for the same prem-
ises, conclusively force the plaintiff into the position of a
trustee holding the legal title for the benefit of his trustor,
the defendant. Defendant was, and is, the equitable owner
of the land possessed and improved by plaintiff at the time
of the execution of the Sheriff's deed and the entry of the
judgment of ejectment. If so, then plaintiff became the
trustee of the equitable owner. (*Wilson* v. *Castro*, 31 Cal.
436; *Estrada* v. *Murphy*, 19 Cal. 272; *Emeric* v. *Penniman*,
26 Id. 124; *Bludworth* v. *Lake*, 33 Id. 262–3.)

*Second*—Plaintiff is estopped by the judgment and the
deed from asserting title now, in prejudice of defendant's
rights. The acts of plaintiff were sufficient to create an
equitable estoppel. (*Davis* v. *Davis*, 26 Cal. 39.)

*E. V. Spencer,* for Respondent.

A quit-claim deed does not operate as an estoppel or create a trust as to subsequently acquired title.

At the moment of the completion of the Sheriff's sale and the execution of the quit-claim Sheriff's deed (defendant having bid the whole amount of his judgment, at the sale, and having accepted such deed), the relation of debtor and creditor ceased to exist; and there was no obligation, legal, equitable or moral, existing on the part of plaintiff to defendant to protect defendant in the property which he had acquired by such purchase, or which could prevent plaintiff from afterwards acquiring title to the land in question, or from which a trust could be implied by any possible construction of the authorities cited by appellant. (*Clark* v. *Baker,* 14 Cal. 632.)

It will be found upon examination, that in each of the cases cited by appellant, where the Court announced the existence of a trust, it is where the *cestui que trust* had an actual equitable title to, and interest in the land prior to the acquisition of the legal title, by the trustee. Such is not the case in the present suit, and, consequently, the authorities do not apply.

As the purchaser (appellant) could only acquire such an interest in the premises as the debtor had at the time of the sale, it follows that he purchased only the improvements with the right to possession, until the Government or its vendee (whoever he might be), should make an entry upon the land and exercise dominion over it.

In support of this view, I call the attention of the Court to the opinion of Attorney-General Speed, referred to and adopted by this Court in *People* v. *Shearer* (30 Cal. 651); and which has been recently affirmed by the Supreme-Court of the United States. (See also *Doran & Wilson* v. *C. P. R. R. Co.* 24 Id. 245.)

Temple, J., delivered the opinion of the Court:

In November, 1866, plaintiff was in possession of and had inclosed a certain tract of public land of the United States.

Before that time he had filed in the proper land office his declaration of intention to pre-empt a piece of public land, including his inclosure and other lands not then inclosed by him, but which were then in the possession of other parties. On that day, judgment was docketed against him, in the County Court of Lassen County—the lands being located in that county—in favor of the defendant in this suit, who afterwards purchased the land at Sheriff's sale, had in pursuance of said judgment. The defendant, at the proper time—the premises not having been redeemed—received a Sheriff's deed for the property, and, thereafter, brought his action of ejectment and recovered the property, and put the plaintiff in this action out.

This plaintiff, then being out of possession, abandoned his right to pre-empt, and going upon another portion of the same subdivision of public lands, outside of his former possessions, again made his declaration of intention to pre-empt the whole tract, claiming that he had made a new settlement, and claiming the right to pre-empt by virtue of such new settlement. On the 22d of June, 1869, plaintiff made the proper proof and payment, and received from the proper officers the certificate of purchase of the whole tract. Before receiving his certificate, however, he caused citation to be issued from the Land Office and served upon the defendant, commanding him to appear at the Land Office on a day stated and make proof of his claim, or it would be awarded to the plaintiff. The defendant failed to appear or to contest the plaintiff's right, and never resided upon or assumed the possession or occupancy of any portion of the land in controversy. Plaintiff was in the actual possession of the whole tract at the time this suit was commenced.

This action was brought to quiet the plaintiff's title. The above is the substance of the facts found by the Court, which, upon the findings, rendered judgment for the plaintiff. This appeal is taken from the judgment.

The defendant contends: First—That plaintiff being in possession as owner, and having declared his intention to pre-empt at the time of the execution of the Sheriff's deed

and the rendition of the judgment in ejectment, stood in the relation of trustee to the defendant as to any after acquired title, and that such title would inure to the benefit of defendant. Second—The judgment in ejectment operated as an equitable estoppel *in pais*, and precludes the plaintiff from maintaining this suit, and from asserting title in himself.

At the time of the sale under the judgment against Montgomery, and the execution of the Sheriff's deed to Whiting, Montgomery was not the owner of the land nor of any interest in it. He had no title whatever, inchoate or otherwise. By his settlement and filing his declaratory statement, he obtained the right to purchase at a fixed rate, when the lands should be sold by the United States, provided he complied with the provisions of the laws of the United States in regard to pre-emption rights; and also provided the Government of the United States did not withdraw the lands from the operation and effect of the pre-emption laws, before he had actually entered and paid for it. (*Hutton* v. *Frisbie*, 37 Cal. 475; *Whitney* v. *Frisbie*, 9 Wall. 187.) Montgomery was not in possession as owner, but as a pre-emptor. He entered and settled upon the land in pursuance of the laws of the United States, which authorized him to take possession, and made his doing so a condition precedent to his becoming a preferred purchaser. He had no title to connect with that of the United States; he was there merely as an applicant for the privilege of purchasing. The Sheriff's deed conveyed to Whiting nothing more than the possessory right of Montgomery, the right, title, and interest in the land, which he then had. After the sale and conveyance there was no relation of contract between the parties. Montgomery was not bound to proceed and acquire the title for Whiting, and he was not bound by a warranty or covenant which would prevent his acquiring title himself from an independent source, nor was there any relation between him and Whiting which should make it inequitable for him to do so. All relations between the parties were dissolved upon the execution of the conveyance, without warranty.

(*Clark* v. *Baker*, 14 Cal., 632.) Suppose the land had not been pre-empted by any one, but at the public sale plaintiff had become the purchaser, would it be contended that the title thus acquired would inure to the benefit of Whiting? We do not understand that Montgomery obtained the title, or was enabled to pre-empt by reason of any settlement prior to the Sheriff's sale. If, at that time, he had, as seems to be supposed by appellant, an inchoate right, which afterward ripened into a title, there would be some plausibility in the position of the defendant. But as we understand the findings of fact, Montgomery was allowed to preempt by reason of a settlement made after he had been ousted from the land under Whiting's judgment.

We do not understand how the judgment in ejectment can be claimed to operate as an equitable estoppel *in pais*. A man is said to be estopped when he has done some act which the policy of the law will not permit him to gainsay or deny. We see no element of an estoppel in this matter of the judgment. The judgment was not a bar to any title acquired by Montgomery after its rendition.

The judgment is affirmed.