[No. 4,192.]

## HENRY YOUNG v. SILAS M. SHINN.

CERTIFICATE OF PURCHASE OF STATE LANDS.—The Act of March 28, 1868,
which provides that State certificates of purchase of land shall be re-
ceived as *prima facie* evidence of title, applies to all certificates of pur-
chase issued after the Act took effect, whether issued upon a location
made before or after the passage of the Act.

IDEM.—A certificate of purchase of land, issued by the Register of State
Lands before the land has been surveyed by the United States, is void.

CONTEST TO PURCHASE PUBLIC LAND.—When two parties have each an equal
right to acquire public land, the one by location and purchase from the
State, and the other by locating as a homestead under the laws of the
United States, the party who first commences his proceedings to acquire
the title has the better right.

EJECTMENT ON STATE CERTIFICATE OF PURCHASE.—The holder of a State
certificate of purchase of public land, listed over to the State, can recover
in ejectment, as against one who filed a homestead claim on the same
in the United States Land Office, after the holder of the certificate lo-
cated it.

APPEAL from the District Court, Seventh Judicial Dis-
trict, Sonoma County.

Action to recover the possession of the W. ½ of the N.W.
¼ of Sec. 13, Tp. 6 N., R. 7 W. Mount Diablo base
and meridian, commenced May 2, 1870. The plaintiff rested
his right to recover on his certificate of purchase, issued by
the Register of the State Land Office, on the 15th of April,
1870, on the location made by the plaintiff on the 9th day
of December, 1865. The land was selected by the State as
lieu land, in place of the S. ½ of the S. W. ¼ of Sec. 36, Tp.

6 N., R. 7, W. Mount Diablo meridian. The defendant, to defeat the plaintiff's recovery, relied on his homestead claim. The plaintiff had about thirty acres of the demanded premises enclosed in 1864 by a fence, which also enclosed another tract of land on which he lived, and he cultivated it until the action was commenced.

The defendant entered on a part of the demanded premises, outside the plaintiff's enclosure in 1865, and built a house, in which he resided with his family up to the time of the trial. The plaintiff recovered judgment, and the defendant appealed. The other facts are stated in the opinion.

*A. Thomas,* for the Appellant.

*M. Johnson,* for the Respondent.

By the Court, RHODES, J.:

The lands in controversy were selected on the part of the State, and a certificate of location was issued to the plaintiff in 1863; but, as the lands had not then been surveyed by the United States, the certificate was void.

The official plat of the survey of the township was returned to the Register of the proper land office on the 28th day of November, 1865, and on the 9th day of December, 1865, the plaintiff re-located the lands; and on the 10th day of April, 1867, the lands in controversy were listed to the State. On the 15th day of April, 1870, the Register of the State Land Office issued to the plaintiff a certificate of purchase, reciting therein that it appeared from the certificate of the County Treasurer, bearing date December 9, 1865, that the plaintiff had paid twenty per cent. of the purchase-money, and the interest on the balance, etc.

The defendant claims the premises as a part of his homestead claim, taken up under the Act of Congress of May 20, 1862, and produced the receipt issued to him by the Register of the United States Land Office at San Francisco, dated December 18, 1865, for the fees required to be paid upon the filing of a homestead claim.

The fourth section of the Act of March 28, 1868 (Stats.

1867-8, p. 508), provides that the certificate of purchase "shall be received in any Court of justice in this State as being _prima facie_ evidence of title," and that provision is applicable to all certificates of purchase issued after that Act took effect.

The certificate of purchase gave the plaintiff the right of possession of the premises, unless the proceedings on his part were rendered unavailing by the homestead claim of the defendant; and conceding that the latter proved that he had taken the requisite steps to acquire a homestead, and that it would be valid and entitle him to the possession, except for the proceedings taken by the plaintiff, the question presented is; which party acquired the better right; which party would acquire the title, if each should thereafter proceed in the mode prescribed by law. The party who first commenced his proceedings to acquire the title has the better right. (_Smith_ v. _Athearn_, 34 Cal. 506.)

The plaintiff re-located the land before the defendant filed his homestead claim, and that act secured him the better right to purchase the premises.

Judgment and order affirmed.