[No. 5,283.—Department One.]

## S. M. SHINN v. HENRY YOUNG.

RES JUDICATA—ESTOPPEL—EJECTMENT—PUBLIC LAND.—A plaintiff in eject-ment based his right upon a certificate of purchase from the State, the de-fendant based his right upon a homestead claim from the United States; the plaintiff had judgment. Afterwards the defendant brought an action to quiet title against the plaintiff, and offered to show that after the former judgment it had been determined in a contest in the United States land office that the land was public land of the Unifed States, and had never been lawfully selected by the State. *Held*, that the former judgment was conclu-sive between the parties that the State selection was valid.

APPEAL from a judgment for the defendant, and an order denying a new trial, in the District Court, Sonoma County. TEMPLE, J.

Action to quiet title, and restrain the execution of a judgment. The plaintiff offered testimony to show that a contest was had in the United States land office between the State and the United States, of which the defendant had notice, and that it was decided by the register and receiver that the land had not been selected by the State, and was public land of the United States; and he offered in evidence a patent from the United

States, issued to himself, based upon the homestead claim re-
ferred to in the opinion.

The defendant offered in evidence the judgment roll in the
action of ejectment, *Young* v. *Shin*, referred to in the opinion.
The judgment therein was entered before the decision of the
register and receiver, and before the date of the patent.

After the decision, the appellant filed his petition that the ap-
peal be reheard in Bank, and the application was denied.

*Porter & Rutledge*, for Appellant.

The patent from the Uuited States is conclusive as to the
final action of the United States Government in the controversy
between the plaintiff and the State.

The defendant and the State of California, having voluntarily
submitted themselves to the jurisdiction of the tribunal of the
United States for the settlement of conflicting claims to the
land, must submit to the decision.

There is no allegation in the answer of fraud or mistake in
procuring the patent, nor of any impositson on the United States
officers, nor any claim made that such officers erred upon any
matter of law.   And we claim that, in the absence of any alle-
gation in the answer of any of these matters, or of any proof
thereof, the decisions of the land department of the Govern-
ment is final and conclusive.   (*Chapman* v. *Quinn*, 56 Cal. 266;
*Dilla* v. *Bohall*, 53 id. 711; *Powers* v. *Leith*, 63 id. 712; *Yount*
v. *Howell*, 14 id. 466.)

The defendant claims title to the land through a certificate of
purchase from the State.   It is admitted that, prior to Novem-
ber, 1865, the land in dispute was unsurveyed lands of the
United States, and that no survey thereof was made until No-
vember 28th, 1865.   The defendant filed his application to pur-
chase May 30th, 1863.   This application was void.   (*Finney* v.
*Berger*, 50 Cal. 248; *Medley* v. *Robertson*, 55 id. 396; *Collins*
v. *Bartlett*, 44 id. 371; *Rooker* v. *Johnson*, 49 id. 3; *C. P. R.
R. Co.* v. *Robinson*, 49 id. 446; *Buhne* v. *Chism*, 48 id. 467;
*Grogan* v. *Knight*, 27 id. 516.)

The judgment in ejectment is no bar.   That judgment is only
conclusive of two points—the right of possession, and the occu-
pation of the defendant at the commencement of the action.

( *Yount* v. *Howell*, 14 Cal. 465; *Chant* v. *Reynolds*, 49 id. 213; *Hutton* v. *Frisbie*, 37 id. 476.)

*Barclay Henley*, for Respondent.

The judgment in *Young* v. *Shin*, 48 Cal. 26, is conclusive upon the parties in this action.

This plaintiff, by proper averments in his answer and proofs, had an opportunity to set up a defense in *Young* v. *Shin* which would have been identical with his present cause of action. That he did not avail himself of that opportunity can make no difference.

Ross, J.:

The land in controversy was originally public land of the Government of the United States. The defendant in this action, on the 15th of April, 1870, received from the register of the State land office a certificate of purchase for it. On the 18th of December, 1865, the plaintiff in this action made an application to the register and receiver of the United States land office for the said land, under and by virtue of the United States homestead law, and paid those officers the requisite fees, for which they gave him a receipt.

Subsequent to all of those dates, and on the 2d of May, 1870, Young commenced an action of ejectment in the proper Court against Shinn, for the recovery of the said land, basing his right to recover on the certificate of purchase issued to him by the register of the State land office. Shinn resisted the action, and based his right to his land on his homestead claim. After trial had, judgment was rendered for the plaintiff (defendant here), which judgment was, on appeal to this Court, affirmed—the Court saying (48 Cal. 28): " The certificate of purchase gave the plaintiff the right of possession of the premises, unless the proceedings on his part were rendered unavailing by the homestead claim of the defendant; and conceding that the latter proved that he had taken the requisite steps to acquire a homestead, and that it would be valid and entitle him to the possession, except for the proceedings taken by the plaintiff, the question presented is, Which party acquired the better right?

Which party would acquire the title, if each should thereafter proceed in the mode prescribed by law?. The party who first commenced his proceedings to acquire the title has the better right. (*Smith* v. *Athearn,* 34 Cal. 506.) The plaintiff relocated the land before the defendant filed his homestead claim, and that act secured him the better right to purchase the premises."

The judgment in the ejectment action between these parties determined the validity of the certificate of purchase issued to Young, and the invalidity of the subsequent application by Shinn, under the United States homestead law. The validity of the State certificate of purchase necessarily involved the validity of the State selection, including the listing of the land over to the State. All of these proceedings having been put in issue and determined in the action of ejectment between the same parties, is conclusive upon them in the present action. And it being thus determined, as between these parties, that the United States transferred the land in question to the State of California, it had no title to transfer to Shinn, by patent or otherwise.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.