[No. 8843.   Department Two. — March 30, 1886.]

## SABIN D. THRIFT, RESPONDENT, v. JAMES DELANEY, APPELLANT.

EJECTMENT — JUDGMENT IN WHEN NOT A BAR. — On the 20th of January, 1879, the land in controversy was public land of the United States, and open to pre-emption or homestead entry. On that day, one Thrift made a homestead entry upon it by filing with the register and receiver of the proper United States land-office the requisite application and affidavit, and paying them their fee and commission. On the 15th of April, 1879, the de-

fendant, Delaney, brought an action against Thrift to recover the possession of the land. The complaint alleged that Delaney was the owner and seised in fee of the premises, and that Thrift had entered and ousted him therefrom. The answer was a specific denial of these allegations. On the trial, Delaney offered no evidence of a paper title, but relied solely on evidence of prior actual possession and inclosure of the land. Thrift contested his right to recover on that ground, but did not offer any evidence of his homestead entry. Judgment was rendered in favor of Delaney, under which he was placed in possession. Subsequently Thrift commuted his homestead entry to a cash entry, and a United States patent for the land was issued to him. Thereafter he commenced the present action to recover possession of the land, in bar of which the defendant pleaded the former judgment in his favor. *Held*, that the judgment was not a bar, as the patent based upon the cash entry gave the plaintiff a new title, which was not put in issue in the former action.

ID. — CONCLUSIVENESS OF JUDGMENT— SUBSEQUENT TITLE. — A judgment in an action to recover the possession of real property under the Code of Civil Procedure is conclusive between the parties and their privies as to all matters put in issue and passed on in the action, and is a bar to another action between them when the same matters are directly in issue. The bar of such a judgment is, however, limited to the rights of the parties as they existed at the time when it was rendered, and neither the parties nor their privies are precluded from showing in a subsequent action any new matters occurring after its rendition which give the defeated party a title or right of possession.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. W. Thompson*, and *Rutledge & McConnell*, for Appellant.

*George Pearce*, for Respondent.

BELCHER, C. C. —On the twentieth day of January, 1879, the land in controversy was public land of the United States, and open to pre-emption or homestead entry. On that day the plaintiff, Sabin D. Thrift, made a homestead entry upon it by filing with the register and receiver of the proper United States land-office the requisite application and affidavit, and paying them the fee and commission required by law in such cases.

On the fifteenth day of April, 1879, the defendant in

this action commenced an action against Thrift to recover from him the possession of the land covered by his homestead entry. In the complaint it was alleged that the plaintiff was the owner and seised in fee of the premises, and that the defendant (plaintiff here) had entered and ousted him therefrom. The defendant appeared, and for answer to the complaint denied that the plaintiff was the owner or seised in fee of the premises, or entitled to the possession thereof. The case was brought to trial on the second day of June following. Upon the trial, the plaintiff offered no evidence of a paper title, but relied solely on evidence of prior actual possession and inclosure of the land. The defendant contested his right to recover on that ground, but did not offer the receipt given him by the register and receiver, or any evidence of his homestead entry. The court found and adjudged that the plaintiff in the action was the owner of the premises sued for, and entitled to the possession thereof. On this judgment a writ of restitution was issued on the twenty-third day of the same month, and under it the defendant was removed from the possession, and the plaintiff was placed in the possession of the land. The judgment so rendered has never been reversed, modified, or set aside, but remains in full force and effect.

Afterwards, on the fifth day of November, 1881, Thrift elected to commute his homestead entry to a cash entry, and to that end he surrendered his homestead entry receipt, paid for the land at the rate of a dollar and a quarter per acre, and received from the receiver of the land-office a receipt showing full cash payment. Upon this cash entry the United States issued to him a patent for the land on the fifteenth day of March, 1882.

This action was commenced in November, 1882, to recover back the possession of the land. The defendant answered to the complaint, and among other things, pleaded in bar of the action his former judgment.

The above is the substance of the facts found by the court, and upon the findings judgment was rendered in favor of the plaintiff, Thrift. The appeal is from the judgment and an order denying a new trial.

The principal question presented for decision relates to the plea in bar. It is not pretended that the appellant has any title or right to the land sued for, unless he can claim it under and by reason of his former judgment in ejectment. It is, however, insisted by him that when the former judgment was rendered the respondent had perfected his homestead entry, and was in such relation to the source of title that he might have defended successfully against the action, and having failed or neglected to do so, the judgment is conclusive upon all rights he then had or has since acquired to the property involved in it.

There can be no doubt that a judgment rendered in an action to recover the possession of real property, under the system of pleading and practice adopted in this state, is, as to all matters put in issue and passed on in the action, conclusive between the parties and their privies, and a bar to another action between the parties or their privies, when the same matters are directly in issue. The bar of a judgment in such an action is, however, limited to the rights of the parties as they existed at the time when it was rendered, and neither the parties nor their privies are precluded by the same from showing in a subsequent action any new matters, occurring after its rendition, which give the defeated party a title or right of possession. (*Caperton* v. *Schmidt,* 26 Cal. 479; *Mahoney* v. *Van Winkle,* 33 Cal. 448.)

Thus, it has been held, when judgment for the possession of a quarter-section of land was rendered against one after he had proved up and paid for the land, under the pre-emption laws of the United States, and subsequent to the rendition of the judgment had received a patent for it, that the judgment was conclusive and barred

his rights in any subsequent action. (*Byers* v. *Neal*, 43 Cal. 210.)

This ruling was made upon the ground that the pre-emptor, when he proved up and paid for his land, acquired a title to it which he could sell or mortgage, or which could be sold out on process against him, and the patent afterward received was not a new title, but merely a formal assurance of an estate which he had already acquired.

It has also been held, where a pre-emptor had only settled upon and filed his declaration of intention to pre-empt a piece of public land, and then, in an action commenced against him for its possession, had been defeated and put out of it, but afterwards had gone upon another portion of the land, and again filed his declaration of intention to pre-empt the whole tract, and had then proved up and paid for the land, and obtained a patent for it, that the former judgment was not a bar or estoppel in any new action. (*Montgomery* v. *Whiting*, 40 Cal. 294.)

And this ruling was made upon the ground that until the pre-emptor proved up and paid for the land, he had no title to it, either inchoate or otherwise, and the judgment was not a bar to any title acquired by him after its rendition.

In this case it appears that when the judgment in *Delaney* v. *Thrift* was rendered, Thrift had merely filed the necessary papers to enable him to take the land as a homestead, but this gave him no title to it. As said by the Supreme Court of the United States, quoting from an opinion of Attorney-General Speed: " It is not to be doubted that settlement on the public lands of the United States, no matter how long continued, confers no right against the government. . . . . The land continues subject to the absolute disposing power of Congress until the settler has made the required proof of settlement

and improvement, and has paid the requisite purchase-money." (*Frisbie* v. *Whitney,* 9 Wall. 195.)

Under the homestead laws of the United States, every person who is the head of a family, or who has arrived at the age of twenty-one years, and is a citizen of the United States, or has filed his declaration of intention to become such, may make a homestead entry upon not exceeding one quarter-section of unappropriated public land. To do this he must file in the proper land-office an application for the land, and an affidavit showing his right to make the entry, " and that such application is made for his exclusive use and benefit, and that his entry is made for the purpose of actual settlement and cultivation, and not, either directly or indirectly, for the use or benefit of any other person." Upon this entry no certificate or patent for the land can be issued to him until the expiration of five years from the date of the entry, and then only upon satisfactory proof that he has resided upon or cultivated the same for the term of five years immediately succeeding the time of filing his affidavit. If during the five years he changes his residence or abandons the land for more than six months at any time, then and in that event the land reverts to the government.

He may, however, if he elects to do so, pay the minimum price for the land at any time before the expiration of the five years, and then obtain a patent therefor from the government, on making proof of settlement and cultivation, as provided by law granting pre-emption rights. (U. S. R. S., secs. 2289 et seq.)

It must be apparent from this statement of the law that the government offers to give to the qualified claimant a homestead, upon condition that he reside upon or cultivate the land for five years, just as it offers to give to the qualified pre-emptor a right to purchase, upon certain conditions, at the minimum price.

But no estate vests in the pre-emptor until he has per-.

formed the conditions, and has proved up and paid for the land. (*Hutton* v. *Frisbie*, 37 Cal. 475; *Low* v. *Hutchings*, 41 Cal. 634; *Frisbie* y. *Whitney*, 9 Wall. 187.)

The same rule, it seems to us, must apply to the homestead claimant, and no estate in the land will vest in him until he has complied with the prescribed conditions. The bare entry of a homestead can no more confer a right to or estate in the land, or a right to its possession as against the government, than can the filing by the pre-emptor of his declaration of intention to pre-empt.

Here, without complying with the conditions which were precedent to his right to obtain a homestead patent, Thrift elected and was permitted to surrender his homestead claim, and to pay for the land as a pre-emptor. When he did this, according to the instructions of the commissioner of the general land-office, he made " a new and original entry," and was entitled to a "pre-emption certificate and receipt as in ordinary pre-emption cases." (Zabriskie's Land Laws of the United States, p. 149.)

The patent which followed that new and original entry gave to him a new title, and it seems clear that he cannot be barred or estopped from asserting that title by any judgment in ejectment rendered before he obtained it. · We are cited by counsel for appellant to *Shinn* v. *Young*, 57 Cal. 525; but that case is not in conflict with what has been said. There the land had been listed to the state and sold to Young. Young commenced an action against Shinn to recover its possession, and rested his right to recover on his certificate of purchase. Shinn defended the action upon the ground that the premises were a part of his homestead claim, taken up under the act of Congress. Judgment was rendered in favor of the plaintiff and affirmed in this court. (48 Cal. 26.) When *Shinn* v. *Young* was before this court it was held that the judgment in the ejectment action between the parties determined the validity of the certificate of purchase

issued to Young, and the invalidity of the subsequent application by Shinn under the United States homestead law; that the validity of the state certificate of purchase necessarily involved the validity of the state selection, including the listing of the land over to the state; that all of these proceedings having been put in issue and determined in the action of ejectment, the judgment was conclusive and binding upon the parties; and that as it was thus determined, as between the parties, that the United States had transferred the land in question to the state, it had no title left to transfer to Shinn by patent or otherwise.

The other points made by the appellant do not require special notice.

We see no error in the record, and the judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.