## REMILLIARD v. AUTHIER.

Rev. Code Civ. Proc. § 675, provides that an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim. Section 678 provides that, in an action brought by a person out of possession of real property to determine an adverse claim or an interest or estate therein, the person making such adverse claim and persons in possession may be joined as defendants, and, if the judgment be for the plaintiff, he may have a writ for the possession of the premises, as against the defendant in the action against whom the judgment has passed. **Held,** that, where the title to the property is in issue, an adjudication in favor of either party as to such title will necessarily be a bar to an action as to any title claimed by either party at the time of the commencement of the action.

Where plaintiff, in an action to quiet title to land, had in a former action against the same party alleged title in himself, and the title was put in issue by defendant's answer and defendant pleaded that he was

seised of the fee and entitled to the property, the title to the property was directly in issue, so that plaintiff could not in the subsequent action assert a title against the defendant as heir, which he failed to assert in the former action, whether the failure was the result of inadvertence or otherwise.

Where, in an action to quiet title, the court found that the plaintiff had in a former action against the same defendant alleged that plaintiff was the owner of the premises, and that the defendant denied such ownership and pleaded that he was seised in fee and that the judgment in the former action was based mainly on that issue, holding that the defendant in that action was the owner and the plaintiff was not the owner of the property, the title of the respective parties was directly in issue, and the fact that other issues were involved in the trial was immaterial on the question of estoppel in the subsequent action.

(Opinion filed, November 29, 1905.)

Appeal from Circuit Court, Union County. Hon. JOSEPH W. JONES, Judge.

Action by Joseph Remilliard against George Authier. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*J. A. Miller* and *Winsor & McNaughton,* for appellant. *Erickson & Stickney,* for respondent.

CORSON, P. J. This was an action to quiet title to a one-fifth interest in a quarter section of land situated in Union county. The case was tried to the court without a jury, and, findings and judgment being in favor of the defendant, the plaintiff has appealed.

The plaintiff seeks a reversal upon two grounds: (1) That the court erred in admitting in evidence the record of a certain deed purporting to be executed by the father and mother of the appellant to Peter Remilliard, on the ground that the deed purporting to convey the homestead, and that the notary's certificate of acknowledgment of the mother was insufficient to entitle the deed to record, and hence the record of said deed was inadmissible as evidence; (2) that the court's conclusion that the judgment in the prior case was a bar to the present action was erroneous. The complaint of the plaintiff is in the usual form. The defendant in his answer denies the title of the plaintiff to the property, and as a third defense pleads a former adjudication of the circuit court of Union county as a bar to the action. Several other defenses are pleaded

by the defendant, but in the view we take of the case it will only be necessary to consider and discuss the third defense above referred to. The court practically found all of the issues raised by the pleadings in favor of the defendant, and its findings upon the third defense above referred to is as follows: "That on April 18, 1892, the plaintiff herein commenced an action in this court against the defendant herein and against Julia Chaussee and Ezilda Remilliard as defendants to set aside and to have adjudged as void and of no effect the deed made and executed by the said Ezilda Remilliard to this defendant on November 18, 1891, and recorded in Book 15 of Deeds, on page 441, referred to in finding No. 17, and claimed in said action that plaintiff was the owner of and entitled to the possession of the premises in the first finding herein described, and alleging that the defendant in this action had no estate, right, or interest in or to said land. That in said action the plaintiff filed notice of lis pendens, and that thereafter the defendant herein and the said Ezilda Remilliard appeared in said action and answered, denying that plaintiff had any right, title, or interest in or to said land or any portion thereof, and alleging that this defendant by virtue of the conveyances hereinbefore referred to from Ezilda Remilliard to George Authier was the owner of said premises, and praying that defendant's title thereto be declared good and valid. That thereafter said cause was tried, and on the 10th of August, 1892, a decree was made and entered by the court adjudging that Ezilda Remilliard on November 18, 1891, at the time of her conveyance to the defendant, was the owner in fee of said premises and that this defendant was the owner in fee of said premises and was entitled to the possession thereof, and plaintiff's action was thereby dismissed. (20) That said judgment was duly entered, and has never been appealed from, reversed, modified, or set aside."

It will be noticed that the court finds that the plaintiff in said action, who is also the plaintiff in this action, claimed therein that he was the owner of and entitled to the possession of the premises described in this action, and alleged that the defendant in this action had no estate, right, title, or interest in or to said land, and that the defendant herein and the said Ezilda Remilliard appeared in said action and answered, denying that plaintiff had any right, title,

or interest in or to said land or any portion thereof, and alleging that the defendant by virtue of the conveyance herein from Ezilda Remilliard to him was the owner of the said premises and praying defendant's title thereto be adjudged valid, and that a decree was thereafter entered by the court adjudging that the defendant was the owner in fee of the said premises and that the defendant was entitled to the possession thereof, and that plaintiff's action be dismissed, and that said judgment of dismissal was duly entered, and has never been appealed from, modified, reversed, or set aside. It will thus be seen that the title of plaintiff to the premises was adjudged invalid and his action dismissed, and that the defendant was adjudged the owner in fee of the said premises and was entitled to the possession thereof. The plaintiff in the present action now claims title to one-fifth of the same property as heir at law of his father and mother, both of whom died prior to 1891, and does not now claim any title to the said property acquired subsequently to the commencement of the action in which the former judgment was rendered. We are of the opinion, therefore, that the plaintiff is estopped by the judgment in the former action from claiming any interest in the land in this action as heir at law of his father or mother. His right as such heir at law was fully adjudicated in the former action, for the reason that a party seeking to recover the possession of real estate or quieting his title thereto, where his title is in issue in an action, is required to present to the court in such action all claims that he may have to the property from any source, if he have such title at the time of the commencement of the action, and all such claims presented by him or which might have been presented and adjudicated in that action are barred by the judgment entered therein.

Mr. Freeman, in his work on Judgments (section 302), says: "Whenever, in an action for possession of realty, the question of title is put in issue by the pleadings, the judgment prima facie constitutes an estoppel to the assertion of any title which exists in the losing party at the time of the former suit." Mr. Black, in his work on Judgments (section 655), says: In other states the adoption of a code of practice has abolished all forms of action, and the modern innominate action for the recovery of realty resembles the old suit

in ejectment only in respect to its object. The action being brought by and against the real claimants, and all other fictions being abolished, it correlates in all respects with the purely personal actions,. and, as a necessary consequence, the judgment has the character of finality. It follows that in all these states the judgment is conclusive of the points and questions actually litigated and determined— that is, the titles put in issue and tried, and the right of possession— and will bar any subsequent action between the same parties or their privies for the same land. The decisions show that this is now the the settled rule in the states of Vermont, New York, North Carolina, Georgia, Mississippi, Arkansas, Kentucky, Illinois, Iowa, California,. Oregon and Nevada, and probably in some others not here enumerated. The modern rule is therefore corerctly stated in the following language by the Supreme Court of Illinois: 'A judgment at law, whether in an ejectment suit or in some other form of action,. is conclusive on the parties upon all questions, titles, and rights involved in the litigation and passed upon by the court, which the court had power and jurisdiction to hear and determine, and nothing more; and, whenever the same questions or the same rights or titles are again drawn in issue, whether in a court of equity or court of law, between the same parties or their privies, the previous adjudication must be regarded as conclusive upon them, and they will not be permitted to open up the controversy again.' " Hawley v. Simons, 102 Ill. 115.

This question was very fully considered by the Supreme Court of Nevada in Sherman v. Dilley, 3 Nev. 21, in which that court held: "When the pleadings in ejectment put the title of ownership in issue, prima facie, the verdict and judgment would constitute an estoppel to the assertion of any title which existed in the party at the time of the former action." The court in its opinion says: "Under our practice the real parties in interest are made plaintiffs and defendants, and, as is usual under the new forms the real ownership or title is put in issue, there is, perhaps, no reason why a judgment upon such pleadings should not operate by way of estoppel. If the plaintiff pleads ownership or title in fee in himself, and issue is taken upon that question, and found against him, we can see no reason why the record should not operate as an estoppel to any title:

existing in the same party at the time of the first trial. * * * Therefore the same reason which made a judgment in a writ of entry or assize operate as a bar to a subsequent action of the same character between the same parties would undoubtedly make a judgment in our action of ejectment operate in the same way. Hence we conclude that a judgment in ejectment, where issue is taken upon the title or ownership, will operate by way of estoppel in a subsequent action between the same parties, involving the same subject-matter; such estoppel being confined to the rights and relations of the parties as they existed at the time of rendition of the judgment, and not to affect subsequently acquired rights or titles. Caperton v. Schmidt, 26 Cal. 479. In Caperton v. Schmidt, 26 Cal. 479, the Supreme Court of that state held: "A judgment rendered in an action to recover the possession of real estate, under our system of pleading and practice, is, as to all matters put in issue and passed on in the action, conclusive between the parties and their privies, and a bar in another action between the parties or their privies, where the same matters are directly in issue." In that case, after a very exhaustive and able opinion by Mr. Justice Sawyer, he concludes: "If a party declares upon a seising in fee, and thus puts his title in issue, and chooses to rely upon a prior possession merely, or does not choose to put in all his evidence of title, or is unable from any accident to get it in, he is in no worse position that many other parties, who for any reason fail in personal actions to get in sufficient, or all their evidence. Prudent counsel, where from any unforeseen accident, they fail to make as strong a case as the facts and evidence attainable should enable them to do, and they are not satisfied of the sufficiency of their proofs, will submit to a non-suit, or in a proper case, with the permission of the court, withdraw a juror and begin again. If they do not, they cannot complain that the judgment against them in the action should be followed by its legitimate consequences." That court in the subsequent case of Thrift v. Delaney, 69 Cal. 188, 10 Pac. 475, affirms the former decision, and holds: "A judgment in an action to recover the possession of real property under the Code of Civil Procedure is conclusive between the parties and their privies as to all matters put in issue and passed on in the action, and is a bar to another action be-

tween them when the same matters are directly in issue. The bar of such a judgment is, however, limited to the rights of the parties as they existed at the time when it was rendered, and neither the parties nor their privies are precluded from showing in a subsequent action any new matters occurring after its rendition which give the defeated party a title or right of possession."

The question as to the conclusiveness of a judgment as an estoppel in a subsequent action was very fully considered by this court in the case of Howard v. City of Huron et al., 5 S. D. 539, 59 N. W. 833, 26 L. R. A. 493, and on a rehearing in 6 S. D. 180, 60 N. W. 803, and in the latter case this court held: "A judgment, if rendered upon the merits, is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which is offered to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." And in the opinion this court quoted with approval from the opinion of the Supreme Court of the United States in Cromwell v. County of Sac, 94 U. S. 351, in which the distinction between the effect of a judgment as a bar or estoppel on the same cause of action and as an estoppel or bar in another action is thus stated: "In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to every other admissible matter which might have been offered for that purpose. * * * The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim,

having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever." As was stated by the Supreme Court of Nevada in the case above cited, and is often stated, at common law, a judgment in ejectment was not conclusive as an estoppel in a subsequent action, but the reason for that rule is thus stated by the Supreme Court of the United States in Miles v. Caldwell, 2 Wall. 35: "One reason why the verdict cannot be made conclusive in these cases is obviously due to the fictitious character of the action. If a question is tried and determined between John Doe, plaintiff, and A. B., who comes in and is substituted defendant in place of Richard Doe, the casual ejector, it is plain that A. B. cannot plead the verdict and judgment in bar of another suit brought by John Den against Richard Fen, though the demise may be laid from the same lessor, for there is no privity between John Doe and John Den. Hence, technically, an estoppel could not be successfully pleaded so long as a new fictitious plaintiff could be used. It was this difficulty of enforcing at law the estoppel of former verdicts and judgments in ejectment that induced courts of equity (which, unrestrained by the technicality, could look past the nominal parties to the real ones) to interfere, after a sufficient number of trials had taken place, to determine fairly the validity of the title; and by injunction, directed to the unsuccessful litigant, compel him to cease from harrassing his opponent by useless litigation. * * * They, however, did concede to those solemn actions the writ of right and the writ of assize, the same force as estoppels, which they did to personal actions in other cases." And the court held in that case that under our modern system of pleading, in which fictions are to a great extent abolished, no reason exists why the judgment in a former action of ejectment might not be pleaded as an estoppel and bar to a subsequent action involving the title to the property.

While the code of this state has not provided for the action of ejectment in terms, it has provided for an action to determine adverse titles and for the recovery of the possession of real property which in effect embraces the modern action of ejectment, and is substitute therefore. Sections 675 and 678 read as follows: "An action may be brought by any person against another who claims an

estate or interest in real property adverse to him, for the purpose of determining such adverse claim." Section 675, Rev. Code Civ. Proc. "In an action brought by a person out of possession of real property, to determine an adverse claim or an interest or estate therein, the person making such adverse claim and persons in possession may be joined as defendants and if the judgment be for the plaintiff he may have a writ for the possession of the premises against the defendant in the action, against whom the judgment has passed." Section 678, Rev. Code Civ. Proc. Under the provisions of the Code, where the title to the property is in issue, an adjudication in favor of either party as to such title will therefore necessarily constitute a bar to any action as to any title claimed by either party at the time of the commencement of such action. In the case at bar it was perfectly competent for this plaintiff in the former action to have given in evidence any title which he had or claimed to have at the time as heir, or otherwise, as against the defendant upon the question of ownership of the property or of any part thereof. The plaintiff alleged title in himself in the former action, and, that title being put in issue by the answer of the defendant, and the defendant and respondent herein pleaded that he was seised in fee of the said premises and entitled to the same, the title to the property was directly in issue. The court upon that issue found the title to be in the defendant, and thereupon entered the judgment dismissing the plaintiff's action and adjudging the defendant to be the owner of the property. From that judgment no appeal was taken, and it still remains in full force and effect. The conclusiveness of that judgment cannot be questioned in this action. If the appellant failed to assert his title as heir in that action, it is not material whether or not such failure was the result of inadvertence or otherwise. He cannot remedy his mistake in this action, and he is estopped by that judgment from now claiming any interest in the property held by him at the time of the commencement of the former action. Southard v. Smith, 8 S. D. 230, 66 N. W. 316.

It is contended by the appellant that by an examination of the complaint in the former action it would appear that the only issue raised was as to the validity of the deed executed by Ezilda Remilliard to the defendant, and also a deed executed by her to the

plaintiff, and that it was not an action to quiet title to the land in controversy; but, as we have seen, the court finds that the plan-tiff in that action alleged that he was the owner of the premises,. and that the defendant denied such ownership and pleaded that he was seised in fee of the same and that the judgment of the court. was based mainly upon that issue, holding that the defendant in that action was the owner and the plaintiff was not the owner of the property. It will thus be seen that the title of the respective parties was directly in issue, and that the judgment of the court ad-judicated upon that issue in favor of the defendant. The fact, therefore, that other issues were involved in the trial is not ma-terial as to the judgment as an estoppel in the present action.

These views lead to the affirmance of the judgment of the court below, and we therefore express no opinion upon the other questions presented by the record and discussed by the counsel.

The judgment of the circuit court and order denying a new trial are affirmed.