[No. 18284.   Department One.—July 16, 1894.]

# W. C. MERRILL, APPELLANT, *v.* MARY CLARK ET AL., RESPONDENTS.

PRE-EMPTION—TRANSFER BY PRE-EMPTOR AFTER PROOF AND PAYMENT.—
Although a pre-emptor cannot transfer the right of pre-emption before
final proof and payment for the land, he may, after final proof and pay-
ment of the purchase price, make a valid transfer of all of his rights.

ID.—SUBSEQUENT ISSUANCE OF CERTIFICATE AND PAYMENT.—After the
pre-emptor has paid the purchase price and made his final proof, the
law demands no further act from him, and it is the duty of the govern-
ment to issue a certificate of purchase and the patent based thereon;
and the fact that the transfer of his rights is made before the issuance
of his certificate of purchase will not invalidate the transfer.

ID.—BARGAIN AND SALE DEED FROM HUSBAND TO WIFE—AFTER-ACQUIRED
TITLE.—Where a husband, as a pre-emptor of land, executed and deliv-
ered to his wife a bargain and sale deed of the land, after final proof and
payment for the land, and before the issuance of a certificate of purchase,
such deed conveys all after-acquired title, including the right acquired
by the certificate of purchase, and the perfect title acquired by the issu-
ance of the patent, as against a subsequent transfer from the husband to
another person made after patent obtained.

ID.—FINDINGS—OMISSION—STATUTE OF LIMITATIONS PLEADED BY RESPOND-
ENT.—The failure of the court to find upon a plea of the statute of limita-
tions set up by the respondent is entirely immaterial to the appellant.

APPEAL from a judgment of the Superior Court of
Lassen County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Shinn & Shinn,* and *S. Solon Holl,* for Appellant.

The court erred in failing to find upon the issues
raised as to the statute of limitations.   (*Ball* v. *Kehl,* 95
Cal. 607.)  The attempted assignment or transfer of the
pre-emption right of William H. Clark to his wife was
void, as it was made before final proof and payment.
(U. S. Rev. Stats., secs. 2262, 2263; *Myers* v. *Croft,* 13
Wall. 291; *Hudson* v. *Johnson,* 45 Cal. 24; *Damrell* v.
*Meyer,* 40 Cal. 166; *Huston* v. *Walker,* 47 Cal. 484;
*Thompson* v. *Doaksum,* 68 Cal. 593; *Turner* v. *Donnelly,*
70 Cal. 597; *Thurston* v. *Alva,* 45 Cal. 16; *Robbins* v.
*Bunn,* 54 Ill. 54; 5 Am. Rep. 75.)

*Spencer & Raker*, for Respondents.

The failure of the court to find upon the question of the statute of limitations is not an error of which the plaintiffs can complain, as it was an affirmative defense plead by the defendant. ( *Winslow* v. *Gohransen*, 88 Cal. 450; *Rogers* v. *Duff*, 97 Cal. 67, 69; *Hawes* v. *Clark*, 84 Cal. 272, 275; *Himmelman* v. *Henry*, 84 Cal. 104; *Wise* v. *Burton*, 73 Cal. 174; *McCourtney* v. *Fortune*, 57 Cal. 617, 620; *Murphy* v. *Bennett*, 68 Cal. 528–31; *Porter* v. *Woodward*, 57 Cal. 535; *People* v. *Center*, 66 Cal. 551, 564.)   William H. Clark, having made final proof and payment, had a vested interest in the land, with the absolute power of disposition thereof. (19 Am. & Eng. Ency. of Law, 332; *Myers* v. *Croft*, 13 Wall. 291; *Quinly* v. *Conlan*, 104 U. S. 420; *People* v. *Shearer*, 30 Cal. 650; *Hutton* v. *Frisbie*, 37 Cal. 475; *Montgomery* v. *Whiting*, 40 Cal. 298; *Low* v. *Hutchings*, 41 Cal. 638; *Western Pac. R. R. Co.* v. *Tevis*, 41 Cal. 489; *Kenyon* v. *Quinn*, 41 Cal. 329; *Farley* v. *Spring Valley etc. Co.*; 58 Cal. 143; *Byers* v. *Neal*, 43 Cal. 210; *Thrift* v. *Delaney*, 69 Cal. 194; *Frink* v. *Roe*, 70 Cal. 304; *Witcher* v. *Conklin*, 84 Cal. 502; *Frisbie* v. *Whitney*, 9 Wall. 187; *Marks* v. *Dickson*, 20 How. 501; *Hutchings* v. *Low*, 15 Wall. 77; *Shepley* v. *Cowan*, 91 U. S. 330; *Winter* v. *Jones*, 10 Ga. 190; 54 Am. Dec. 379; *Goodlet* v. *Smithson*, 5 Port. 245; 30 Am. Dec. 561.)   The proof and payment are the prerequisites that give the vested right.   The mere fact that a certificate of purchase is not issued makes no difference. (*Shepley* v. *Cowan*, 91 U. S. 330; *People* v. *Shearer*, 30 Cal. 652.)   This has been repeatedly held by the land department, as well as recognized by the courts.   (*Magalia Gold Min. Co.* v. *Ferguson*, 6 L. D. 218; *Orr* v. *Breoch*, 7 L. D. 292; *In re Mitchell*, 8 L. D. 268; *Grigsby* v. *Smith*, 9 L. D. 98, 101; *In re Lehman*, 8 L. D. 486.) The failure of the land officers to do their duty could not affect the right acquired by Clark under his proof. (*In re Mitchell*, 8 L. D. 268; *Witcher* v. *Conklin*, 84 Cal. 502; *Cornelius* v. *Kessel*, 128 U. S. 457; *Wirth* v. *Bran-*

*son,* 98 U. S. 118; *Hutchings* v. *Low,* 15 Wall. 77; *Lythe* v. *Arkansas,* 9 How. 333; *Shepley* v. *Cowan,* 91 U. S. 330; *Stark* v. *Starrs,* 6 Wall. 402; *Lessieur* v. *Price,* 12 How. 59; *Gibson* v. *Chouteau,* 13 Wall. 92 )

GAROUTTE, J.—This is an action of ejectment to recover possession of one hundred and twenty acres of land in Lassen county, in this state. The respondents had judgment in the court below, and from this judgment and an order overruling appellant's motion for a new trial this appeal is taken.

Both parties are claiming title from one W. H. Clark. The facts material to a disposition of the litigation may be briefly stated, as follows: W. H. Clark, the husband of respondent Mary, upon the fifth day of November, 1881, made final proof upon his pre-emption claim to this tract of land before a deputy county clerk of Lassen county. He also, at the same time, made the affidavit provided by section 2262 of the Revised Statutes, and paid for the land, with all legal costs and charges. The final proof, affidavit, and money were delivered to the register of the land office at Susanville, and, by reason of the neglect or dishonesty of the said register, no further action towards the securing of a patent was taken for many months. Shortly subsequent to the date of final proof, W. H. Clark, by bargain and sale deed, transferred the land to the respondent Mary Clark. Subsequent to this event the certificate of purchase was issued, and the patent to Clark followed in due course thereon. Clark thereupon sold the land to appellants, and basing their rights upon said transfer they have brought this action in ejectment. The deed from Clark to his wife was recorded in the recorder's office of Lassen county prior to the making of the second deed to the aforesaid plaintiffs.

It is not necessary to determine the character or amount of interest in this realty that passed to the wife under the deed from her husband. Whether he had any title at that time that could be transferred is imma-

terial, for his deed was such as to convey all after-acquired title, and when his right eventually ripened into a perfect title by the issuance of the patent, such title passed to his grantee regardless of any intervening deed given by him to other grantees, with notice by them of the prior deed. The application of this elementary principle of law to the facts before us dispose of the entire case, unless Clark's deed to his wife was made in violation of section 2263 of the Revised Statutes of the United States. That section provides: "Prior to any entries being made under and by virtue of the provisions of section 2259, proof of the settlement and improvement thereby required shall be made to the satisfaction of the register and receiver of the land district in which such lands lie, agreeably to such rules as may be prescribed by the secretary of the interior; and *all assignments and transfers of the right hereby secured prior to the issuing of the patent shall be null and void.*" It is upon the last clause of this section that plaintiffs stand, and insist that the deed to Mary Clark was void and carried no title.

Do the facts of this case bring it within the prohibition above stated? We think clearly not, especially in view of the construction given this provision of the statute by the supreme court of the United States. The case of *Myers* v. *Croft*, 13 Wall. 291, in all respects is similar to the case at bar, and this provision of the statute was there construed with a view to carry out the legislative intention, and in disregard of its strict letter. In accordance with this principle it was held that the interdiction found in the statute was only intended to apply to a transfer of the *right of pre-emption.* The court there said: "The object of Congress was attained when the pre-emptor went with clean hands to the land office, and proved up his right and paid the government for his land. Restriction upon the power of alienation after this would injure the pre-emptor and conserve no important purpose of public policy." And again: "Instead of this the legislation was directed against the

assignment or transfer of the right secured by the act, which was the right of pre-emption, leaving the preemptor free to sell his land after the entry, if at that time he was in good faith the owner of the land, and had done nothing inconsistent with the provisions of the law on the subject."

Measured by this construction of the statute, the present case discloses no violation of its terms; and Clark had the legal right to make the transfer to his wife at the time he made it. At that time he had done all that the law demanded of him, and had done nothing prohibited by the law. He had made the affidavit required by the statute, and had made it truthfully. He had paid the purchase price, and in all respects had made his final proof. The law demanded no further act from him, and the government had but one duty to perform, and that was to issue his certificate of purchase and the patent based thereon. That such is the fact is evident, for subsequently Clark did nothing more; and the patent was issued upon the original proof and affidavit. It is thus apparent that at the date of the deed to Mrs. Clark his original *right of pre-emption* had ripened into a right much more substantial and valuable. Under the authority of *Myers* v. *Croft*, 13 Wall. 291, and upon principles of sound reason, we think the assignment and transfer contemplated by this section is an assignment and transfer made before final proof and before the taking of the affidavit prescribed by section 2262 of the United States statutes.

The fact that the court failed to find upon the statute of limitations set up by respondent is a matter entirely immaterial to appellants.

For the foregoing reasons the judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.