[L. A. No. 3220.  In Bank.—September 30, 1914.]

## LOUIS N. SANDERS, Respondent, v. GORDON L. DUTCHER, Appellant.

PUBLIC LANDS—DECISIONS OF LAND DEPARTMENT.—The decisions of the officers of the land department on questions of fact, upon evidence tending to prove the same, are conclusive upon third persons, at least in the absence of fraud or imposition practiced upon them.

ID.—DECISIONS BASED ON ERRORS OF LAW—REVIEW OF—EQUITABLE RELIEF TO PARTY AGGRIEVED.—Where such officers err in matter of law, in such a way as to deprive a person who has a valid claim under the land laws of the United States of the rights vested in him, their decisions may be reviewed in a proper proceeding, and a court of equity, in such a proceeding, will give appropriate relief to the injured party against the party who obtains title by the erroneous decision.

ID.—DESERT LAND—AGREEMENT TO CONVEY AFTER OBTAINING TITLE NOT INVALID.—The conclusion of the land department that a desert land entry perfected after and in pursuance of an agreement between the entryman and another to sell the land to such other person after the title is obtained from the United States, is invalid under the Desert Land Law, is a clear mistake of law.  There is no principle of common law which forbids such a contract nor any which declares the title received thereunder invalid.

ID.—ASSIGNMENTS OF CONTRACT TO PURCHASE DESERT LAND—POLICY OF LAW.—Such proceedings are against the policy of the law only in cases where such policy is declared by the law.  The Desert Land Law not only does not forbid the assignment of contracts for the purchase of desert land after entry made under its provisions, but it expressly recognizes, in sections 5 and 7 of the act, that such assignments may be made.

ID.—RECLAMATION OF DESERT LAND MAY BE DONE BY AGENT OF ENTRYMAN.—The conclusion of the land department that an entry of desert land is invalid because the entryman hired others to do the reclamation work required by the Desert Land Act, and had not accomplished it by her own personal labor, is an error as to the law.

ID.—INVALID CANCELLATION OF ENTRY—FRAUD—SUBSEQUENT ENTRYMAN CHARGED AS TRUSTEE.—Where the officers of the land department, acting solely in pursuance of such erroneous conclusions of law, canceled a prior entry of desert land and allowed its subsequent entry by another through whose fraudulent contrivance the cancellation was procured, a court of equity will charge the subsequent entryman as a trustee for the former, and will direct that any title obtained by him be conveyed to the former.

CLXVIII Cal.—23

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.

Frank E. Dunlap, Edgar K. Brown, Cedric E. Johnson, Dan V. Noland, and Trask, Norton & Brown, for Respondent.

SHAW, J.—The complaint avers that the plaintiff is the owner of a tract of land in Imperial County, that he was unlawfully ejected therefrom by the defendant, that defendant has no right, title, interest, or estate in the land, but that he asserts some title or interest therein which is without foundation and that since he took possession he has remained in possession to the damage of plaintiff. He prays for possession of the property, that the defendant's claim be declared invalid and for the recovery of damages. To this complaint the defendant answered setting out the nature of his claim and praying for the affirmative relief that he be declared to be the equitable owner of the land and to have conveyed to him the legal title thereto acquired by plaintiff from the United States. In effect, the defense was a cross-complaint for the affirmative relief. Thereupon the plaintiff moved for a judgment upon the pleadings. This motion was granted by the court and judgment entered accordingly that the plaintiff recover possession, that the defendant had no right, title, or interest in the property and for three hundred dollars damages. From this judgment the defendant appeals.

Prior to the inception of the claims of either of the parties the land in question was public land of the United States. It appears from the pleadings that one Orpha C. Johnson made a desert land entry upon said land for the purpose of acquiring the same from the United States under the Desert Land Law of 1891, that thereafter the defendant was in possession thereof by assignment from Orpha C. Johnson, that thereupon, upon the application of the plaintiff, the land-office canceled the entry of the defendant as assignee of Orpha C. Johnson, and accepted the application of Sanders as a claimant under the homestead law; that thereafter he commuted his homestead entry to a desert land entry, made his final proof thereunder

and made the necessary payments and received his final certificate.    These proceedings were the subject of an appeal to the commissioner of the general land-office who affirmed the decision of the register and receiver of the land-office at Los Angeles and the plaintiff became thereupon entitled under the land laws to receive a patent from the United States.    The question presented by the record is whether or not the facts alleged in the answer would entitle the defendant to have the plaintiff declared trustee of the land for the benefit of the defendant so that whatever title the plaintiff should receive would in equity belong to the defendant and should be conveyed to him.

These facts are stated as follows: On February 9, 1903, the lands were unoccupied public lands of the United States open to desert land entry.    On that day Orpha C. Johnson made such entry of this land.    Thereafter, prior to July 13, 1905, she complied with all the laws of the United States with reference to said entry, made the reclamation thereof required by law and made final proof of such reclamation and final payment therefor and received from the register and receiver of the land-office a receipt showing such final payment.    Thereafter, and prior to December 17, 1907, she sold, assigned, and transferred all her right, title, and interest in the land to defendant Gordon L. Dutcher, who entered into possession under the conveyance and has since expended large sums of money upon the land in the reclamation and improvement thereof. On January 7, 1908, Louis N. Sanders began a contest against the Johnson entry alleging that Johnson had not reclaimed nor irrigated or improved the land, or any part thereof, at the time she made final proof, and that before she made such final proof she had entered into a contract with one M. F. Dutcher to sell the land to Dutcher or his assigns, receiving from said Dutcher the sum of seventy-five dollars therefor and that the final proof of Orpha C. Johnson was, for these reasons, fraudulent.    This contest came on for hearing at the land-office, both parties being present in person and by counsel.    Evidence was submitted by both parties and the register found that the final proof of Johnson was fraudulently made by virtue of the fact that she had not personally made the reclamation of the land, and because the final proof was made after and under the contract with M. V. Dutcher above referred to.    The register therefore canceled the entry of Orpha

C. Johnson, whereupon the appeal was taken, the contest confirmed and the plaintiff was declared to be entitled to the land as a homestead. Thereafter Sanders made his homestead entry; the same was accepted by the land-office in pursuance of the aforesaid decision and afterwards, on November 13, 1911, Sanders having commuted his homestead and made his proofs, received his final certificate as a desert land entry and secured an apparent title to the land; that these proceedings were taken by Sanders in pursuance of a conspiracy with one F. E. Jordan by which Sanders agreed to do as above stated and Jordan agreed to pay the expenses he would be put to and was thereafter to receive a deed from Sanders for the land and in consideration of which he agreed to pay Sanders two thousand five hundred dollars.

In explanation and avoidance of this decision of the land department and the certificate issued to Sanders the following facts were stated. At the hearing before the register no evidence was offered tending to prove that Orpha C. Johnson had not reclaimed or irrigated the land, but on the contrary it was admitted that she had done so. The proof on this point was that she had not done so personally, but had procured these things to be done by others at her own charge and expense. The only evidence offered to show that the final proof was fraudulently made under the contract above referred to between Johnson and M. V. Dutcher consisted of declarations made by Dutcher to third persons tending to prove the allegations of the contest to the effect that prior to final proof under the Johnson entry Orpha C. Johnson had agreed to sell the land to Dutcher as before stated. The register and receiver believed the law to be that a reclamation not made by the claimant personally, although made at her instance, was invalid, and that therefore Orpha C. Johnson had not reclaimed or irrigated the land within the meaning of the Desert Land Law. The said register and receiver also concluded as matter of law that the final proof made after and under the contract by Orpha C. Johnson to sell her right to M. V. Dutcher was invalid, because said contract was contrary to the policy of the law, and that for these reasons the claim and entry of Orpha C. Johnson and her assignee were invalid and should be canceled, and upon that ground the same was canceled by them. The commissioner of the land-office, in affirming the decision of the register and receiver, acted under the same

misapprehension as to the law governing the case. It is alleged that these proceedings were carried on by Sanders and Jordan for the fraudulent purpose of depriving Orpha C. Johnson and her assignees of the land and of acquiring the same for Jordan.

Upon these allegations it is claimed that in equity Sanders stands as the trustee for the defendant of the land and that a court of equity will compel him to make the proper conveyances of the land to the defendant.

It is a well established proposition, and it is not disputed by the appellant, that the decisions of the officers of the land department on questions of fact, upon evidence tending to prove the same, are conclusive upon third persons, at least in the absence of fraud or imposition practiced upon them. But it is also settled that where these officers err in matter of law, in such a way as to deprive a person who has a valid claim under the land laws of the United States of the rights vested in him, their decisions may be reviewed in a proper proceeding, and that a court of equity, in such a proceeding, will give appropriate relief to the injured party against the party who obtains title by the erroneous decision. Thus, it is said: "If they err in the construction of the law applicable to any case, or if fraud is practiced upon them, or they themselves are chargeable with fraudulent practice, their rulings may be reviewed and annulled by the courts when a controversy arises between private parties affected by their decisions; but, for mere errors of judgment upon the weight of evidence in a contested case before them, the only remedy is by appeal from one officer to another of the department. . . . It may also be, and probably is, true that the courts may furnish, in proper cases, relief to a party where new evidence is discovered, which, if possessed and presented at the time, would have changed the action of the land officers; but, except in such cases, the ruling of the department on disputed questions of fact, made in a contested case, must be taken, when that ruling is collaterally assailed, as conclusive." (*Shipley* v. *Cowan*, 91 U. S. 340, [23 L. Ed. 424].) And again in *Marquez* v. *Frisbie*, 101 U. S. 476, [25 L. Ed. 800], the court says: "In this class of cases, as in all others, there exists in courts of equity the jurisdiction to correct mistakes, to relieve against frauds and impositions, and in cases where it is clear that these officers have, by a mistake of the law, given to one

man the land which, on the undisputed facts, belonged to another, to give appropriate relief." This is quoted from the decision in *Moore* v. *Robbins,* 96 U. S. 535, [24 L. Ed. 848]. The court says further: "If it can be made entirely plain to a court of equity that on facts about which there is no dispute, or no reasonable doubt, those officers have, by a mistake of the law, deprived a man of his right, it will give relief."

The conclusion of the land department that a desert land entry, perfected after and in pursuance of an agreement between the entryman and another to sell the land to such other person after the title is obtained from the United States, is invalid under the Desert Land Law, was a clear mistake of law. There is no principle of common law which forbids such a contract nor any which declares the title received thereunder invalid. Such proceedings are against the policy of the law only in cases where such policy is declared by the law. If this entry of Orpha C. Johnson had been made under the pre-emption law formerly existing, or under the homestead law, in each of which there is a declaration in effect forbidding such assignment, their conclusion would have been correct. But the Desert Land Law is wholly different in this respect. It not only does not forbid the assignment of such contracts after entry made under its provisions, but it expressly recognizes that such assignments may be made. The necessity for extensive works of reclamation of land taken up under the Desert Land Law, in order to make such land of any value, evidently was deemed sufficient to make it expedient to authorize transfers of such land pending proceedings to obtain a title. Section 5 of the law declares "That no land shall be patented to any person under this act unless he *or his assignors* shall have expended in the necessary irrigation, reclamation, and cultivation thereof, by means of main canals and branch ditches, and in permanent improvements upon the land, and in the purchase of water-rights for the irrigation of the same, at least three dollars per acre of whole tract reclaimed and patented" in the manner described in the section. Section 7 provides that at any time after the filing of the declaration, and within four years, upon proof of the expenditure of such money and of citizenship and payment of one dollar per acre for the land, "a patent shall issue therefor to the applicant *or his assigns;* but no person or association of persons shall hold *by assignment or otherwise prior to the issue of patent,* more than three

hundred and twenty acres of such arid or desert land.'' Thus, it will be seen, the assignment from Johnson to M. V. Dutcher was not contrary to law but was a valid transfer and did not in any way justify a cancellation of the entry.

It is not necessary to cite authorities to show that the land department erred as to the law in its conclusion that the entry of Orpha C. Johnson was invalid because she hired others to do the reclamation work required and had not accomplished it by her own personal labor. The proposition is self-evident. There was no question of fact to be determined by the land department. The only facts alleged in the contest of Sanders were those above stated. They were not sufficient in law to invalidate the entry attacked by him. It is therefore entirely plain under the facts stated that the officers of the land department by mistake of law deprived the assignee of Orpha C. Johnson of the right he possessed under the law to complete his entry and obtain title to the land from the United States. The motion for judgment on the pleadings admits all facts averred in the answer. It appears therefrom that the defendant Gordon L. Dutcher has succeeded to all the rights of Orpha C. Johnson and M. V. Dutcher under said desert land entry. It further appears that this cancellation was done by the fraudulent contrivance of the plaintiff and said Jordan. Under these circumstances, and upon the authorities above referred to, it is clear that the defendant is entitled to the relief prayed for in the answer, that is, to a decree declaring the plaintiff a trustee for him and directing that any title obtained by the plaintiff should be conveyed to the defendant. The court below therefore erred in granting the motion for a judgment on the pleadings.

The judgment is reversed.

Sloss, J., Henshaw, J., Melvin, J., and Lorigan, J., concurred.

Rehearing denied.