[L. A. No. 4083. Department Two.—December 31, 1917.]

## DOROTHEA H. EYMANN, Appellant, v. CHARLES D. WRIGHT et al., Respondents.

PUBLIC LANDS—DESERT LAND ENTRY—EXECUTORY CONTRACT TO CONVEY VOID—PLEADING.—A general demurrer to a complaint in an action for violation of a contract by an entryman to do all things necessary to perfect the title, and upon the issuance of patents to convey the land to the plaintiff, is properly sustained, such a contract being in violation of a decision of the land department, and void as against the policy of the Desert Land Act of March 3, 1877, chapter 107 (19 Stats. 377).

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Andrew J. Copp, Jr., for Appellant.

Oliver O. Clark, and George M. Pierson, for Respondents.

HENSHAW, J.—Plaintiff's action was to recover against the defendants for violation of their contract with her, she being protected by an indemnity bond. The gravamen of the action is this: By their contract defendants made to plaintiff an executory assignment of their rights under desert land entries, agreeing to do all things necessary under such entries to perfect them and entitle defendants to patent for those lands, and on issuance of such patents the titles so granted to them were in turn to be conveyed to plaintiff. The complaint charged in several counts, but all to this effect. A general demurrer to it was interposed and sustained and from the judgment which followed plaintiff has appealed. In argu-

ment it is contended that the Desert Land Act expressly permits the entryman to assign his entry. This is true. Still further, it is argued that if such an executed assignment is valid, an executory agreement to assign is also valid, and that as fraud is never presumed, it will be held against demurrer that the contract was fair and legal. And, finally, it is argued that this court, in *Sanders* v. *Dutcher*, 168 Cal. 353, [143 Pac. 599], has given distinct recognition to contracts of this character. A reading of *Sanders* v. *Dutcher* will show that appellant is completely mistaken. The desert land entry in that case was made by Orpha C. Johnson. Her assignment to Sanders was an executed assignment and under it he appeared as claimant. Thereafter she made a similar sale and assignment to the defendant Dutcher, and it was over these two executed assignments that their controversy was waged. Such manifestly is not the situation here presented. Here the contract was that these defendants should do all things necessary to procure, and should procure, patents, title under which patents was by virtue of the agreement then to be transferred to plaintiff. The contract was in distinct violation of the decisions of the land department, from one of which it may be profitable to quote at length. In the case of *Herbert C. Oakley*, 34 Land Decisions, page 383, the Secretary of the Interior thus speaks:

"While absolute assignments of desert land entries are recognized as valid, it does not follow that the language of the act of March 3, 1891, allowing such assignment, recognizes the right of the claimant to execute an executory contract to convey the land after the issuance of patent and thereafter proceed with the submission of final proof in furtherance of his contract. The result of the recognition of such a right of the claimant is clearly manifest, and the effect thereof might easily operate to nullify that provision of the act which declares that no person or association of persons shall hold by assignment, or otherwise, prior to the issuance of patent, more than 320 acres of such arid or desert land.

"In the case of absolute assignment of such entries, the assignee assumes the position of an original entryman, so far as his qualifications to take are concerned; and he, being the person then charged with the submission of satisfactory proof of compliance with the law, is before the land department in his own right and all future transactions respecting the entry

are conducted directly with him.  The land department, in such case, has before it the actual party in interest and can deal with him personally.  By the recognition of an executory contract to convey after patent, leaving only a nominal party in interest before the department who would be permitted to submit proof of his own qualifications and compliance with the law, with no requirement as to proof of the right of the real beneficiary to take the land, a far different end may be accomplished, directly contrary to the spirit and intent of the desert land law.  By proceeding under such contract, any person or corporation might easily acquire a quantity of land greatly in excess of that allowed under the act.  The department, while recognizing the validity of absolute assignments of desert land entries, is clearly of opinion that any extension of the privileges accorded by the plain terms of the act, especially in the manner contended for by claimant, is entirely unwarranted, and proof of the existence of such contract should prevent the acceptance of the final proof.  Otherwise the practical effect of an assignment is realized through the medium of such contract without any of the incidents thereof attaching; and an easy method of evading that portion of the act which prevents a single individual, association, or corporation from holding by assignment, or otherwise, under the desert land law more than 320 acres is open to all, and this positive limitation effectively nullified.  The clear intent of the desert land law forbids recognition of contracts to convey after patent, and this, too, irrespective of the time the contract was made and regardless of whether or not the original entry was made honestly and in good faith.''

Without regard, then, to the fair or unfair dealing of the defendants, it is manifest that their contract was against the policy of the law (Civ. Code, sec. 1667) and could not be carried out under the law.

The judgment appealed from is therefore affirmed.

Melvin, J., and Victor E. Shaw, J., *pro tem.*, concurred.