[Civ. No. 3113. First Appellate District, Division One.—December 5, 1919.]

LOUIS N. SANDERS, Respondent, v. GORDON L. DUTCHER, Appellant.

[1] PUBLIC LANDS—DECISIONS OF LAND DEPARTMENT—WHEN CONCLUSIVE.—A decision of the Land Department of the United States upon any question of fact, in determining the right of any person in respect to the public lands under the laws of the United States, is conclusive upon all other tribunals in the absence of fraud, mistake, or imposition.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Conkling & Brown for Appellant.

Dan V. Noland, E. K. Brown, Frank E. Dunlap and Cedric E. Johnson for Respondent.

KERRIGAN, J.—This is an appeal from a judgment. The issue framed by the pleadings, and a full discussion thereof, may be found in the opinion filed on a former appeal taken in this case (168 Cal. 353). The complaint was in ejectment, to which the defendant filed an answer and

1. Conclusiveness of decisions or findings of Land Department, note, L. R. A. 1918D, 597.

cross-complaint. In the latter he alleged that one Orpha C. Johnson had made an entry on the lands in question for the purpose of acquiring title to the same under the desert land law of 1891; that thereafter she complied with the terms of said act and made final proof and payment, subsequent to which she sold, assigned, and transferred all her right, title, and interest in the land to the defendant, Gordon L. Dutcher, who entered into possession thereof under the conveyance, and has since expended large sums of money upon the land in the further reclamation and improvement thereof; that thereafter Louis N. Sanders, the plaintiff, instituted a contest against the Johnson entry, alleging that the land had not been reclaimed, irrigated, or improved as required by law; that said contest was the result of a conspiracy between the plaintiff and one Jordan to deprive the defendant of the land; that said contest came on for hearing at the land office, and although the plaintiff introduced no competent evidence to sustain the allegations of his affidavit, nevertheless the officers of the Land Department held in favor of said contestant on the theory that the entry made by Orpha C. Johnson was invalid, for the reason that she had not personally done the reclamation work required by law, and also that her final proof was made under and after a contract of sale, said contract being contrary to the policy of the law. Under these allegations it was claimed that Sanders stood as trustee for the defendant of the land, and that a court of equity would compel him to convey the land to the defendant. The supreme court, upon the former appeal above alluded to, held that when the officers of the Land Department err in a matter of law in such a way as to deprive a person, who has a valid claim under the laws of the United States, of rights vested in him, their decisions may be reviewed in a proper proceeding, and that a court of equity in such a proceeding will grant appropriate relief to the injured party against the one obtaining title as a result of such erroneous decision. That court also held that under the provisions of the desert land law an entry could be assigned, and that it was not necessary for the entryman to personally do the work required by the terms of the act; that therefore it appeared from the allegations of the cross-complaint (deemed admitted to be true upon a motion for judgment on the

pleadings) that the officers of the Land Department had decided against the defendant under a misapprehension of the law; and it further appearing from the allegations of the answer and cross-complaint that the cancellation of the Johnson entry was accomplished by the fraudulent contrivance of the plaintiff and one Jordan, the court reversed the judgment so given upon the pleadings.

At the trial of the case on its merits a transcript of the proceedings and all the evidence adduced before the Land Department was introduced. From this evidence it appears that the Land Department did not decide that a desert land entryman must personally do the work required by law, nor that a desert land entry could not be assigned. Moreover, the defendant introduced no evidence to sustain the allegation of his cross-complaint that the plaintiff and said Jordan had conspired to deprive him of the land; and the trial court found that there was sufficient evidence introduced at the hearing before the Land Department to prove the allegations of the contestant's affidavit, and, accordingly, that defendant had done none of the work on the land required by law, and that the final proof introduced by defendant was fraudulent.

[1] A decision of the Land Department of the United States upon any question of fact, in determining the right of any person in respect to the public lands under the laws of the United States, is conclusive upon all other tribunals in the absence of fraud, mistake or imposition. (*Sanders* v. *Dutcher,* 168 Cal. 353, [143 Pac. 599]; *Hosmer* v. *Wallace,* 47 Cal. 461; *Gage* v. *Gunther,* 136 Cal. 338, [89 Am. St. Rep. 141, 68 Pac. 710]; *Jameson* v. *James,* 155 Cal. 275, [100 Pac. 700].)

In the former appeal the supreme court did not decide that the facts stated in the affidavit of contest were not sufficient, or that the entry of defendant's assignor could not have been canceled on grounds not alleged in such affidavit. There is no law of the case, therefore, requiring this court to so hold. Nor, in fact, was the affidavit insufficient; but even if it were, the affidavit is regarded as only a preliminary process, and the rules of practice require it as an evidence of good faith, and contests have been allowed where the affidavit was admittedly defective, or where no affidavit

at all was filed. (*Gage* v. *Gunther, supra; Seitz* v. *Wallace,*
6 Land Dec. 300; *Saunders* v. *Baldwin,* 9 Land Dec. 391.)
The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on February 2, 1920.

All the Justices concurred.