[Civ. No. 3239. First Appellate District, Division One.—March 9, 1920.]

## RAY BOTWIN, Administratrix, etc., Respondent, v. NATHAN WISE et al., Appellants.

[1] ESTOPPEL—AGREEMENT TO CONVEY HALF INTEREST IN HOMESTEAD WHEN TITLE PERFECTED—SUBSEQUENT CONTEST AGAINST ENTRYMAN—SPECIFIC PERFORMANCE.—An administratrix is not estopped to compel the specific performance of an agreement between her decedent and the entryman upon a certain homestead of the United States government whereby the latter, in consideration of certain money received from the former, agreed to convey to the former an undivided one-half interest in said property when he had completed the commutation with the United States government and received his final receipt therefor, by reason of the fact that said decedent, after the making of said agreement, filed a contest against the defendant upon the ground that the latter was not a citizen, where that contest was decided adversely to said decedent and in favor of defendant.

[2] PUBLIC LANDS—AGREEMENT BEFORE PATENT RECEIVED TO CONVEY HOMESTEAD—VALIDITY OF.—An agreement between an entryman who is about to commute his homestead upon lands of the United States government and receive a patent thereon and another, whereby the former, in consideration of certain moneys received from the latter, agrees to convey to the latter an undivided one-half interest in the property and improvements thereon when the commutation with the United States government is completed and final receipt therefor received, is valid.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. P. Welch for Appellants.

F. D. R. Moote for Respondent.

GOSBEY, J., *pro tem.*—Appeal by defendants from a judgment in plaintiff's favor. The action was submitted to the trial court and to this court upon agreed and stipulated facts as follows:

On the twentieth day of March, 1913, the defendant, Nathan Wise, was the entryman upon a homestead of the United States government consisting of 160 acres, located in the county of Los Angeles, state of California, and particularly described as follows, to wit: The northwest one-quarter of section 5, township 1 south, range 18 west, S. B. M. Said Nathan Wise (to be designated hereinafter as defendant) as such entryman then and there was and continued to be in possession of said property until the twenty-fourth day of April, 1916, when a patent was issued to defendant for said land by the government of the United States; that ever since the last-mentioned date said defendant continued to be the owner in fee of said property. On said twentieth day of March, 1913, plaintiff made and entered into a written agreement with said defendant and said Alfora Wise in substance as follows: That whereas defendant had been in possession of said property under an entry of homestead from the United States government, had made certain improvements thereon, and was about to commute the said homestead and receive patent thereon; in consideration of the sum of one thousand one hundred dollars paid by plaintiff to defendant, the receipt whereof was acknowledged, said defendant agreed that when he had completed the commutation with the said United States government and had received his final receipt therefor, he would grant to plaintiff an undivided one-half interest in and to said property together with the improvements thereon. It was further provided in said agreement that should defendant fail to procure or receive said patent the parties thereto would make a settlement, which has no concern in this appeal and need not be considered.

On the seventeenth day of February, 1913, defendant offered commutation proof in the land office of the United States at Los Angeles, California, of his homestead entry of the above-described property; on the seventeenth day of January, 1916, he completed said commutation proof, and on the twenty-fourth day of April, 1916, the United States

land office granted a patent to said land to defendant, which was received by him on the fifteenth day of May, 1916.

The defendant having failed to execute said grant to the plaintiff, he has brought this action for the specific performance of said agreement, and that said defendant be adjudged to sell and convey an undivided one-half interest in and to said premises and improvements thereon unto plaintiff, and to execute a good and sufficient deed of said interest to plaintiff.

While the answer of the defendant herein contains certain denials of the averments of the complaint, it was stipulated upon the trial that all the allegations of the complaint are true.

The only defenses urged by the defendant to this action were: First: The plaintiff is estopped from enforcing the specific performance of said contract for the reason that Israel Botwin had filed a contest against the defendant for the homestead right, upon the ground that Nathan Wise was not a citizen of the United States, and hence not entitled to a homestead; and, second: The contract which plaintiff seeks to enforce is in contravention of the United States statutes..

[1] Upon the first ground of defense the evidence established the fact that said Israel Botwin did file the contest above referred to, and that said contest was decided adversely to Botwin. The patent to the land was granted to Wise, which is conclusive proof that said contest was unfounded and of no merit. This contest, we now hold, was not prejudicial to the rights of Israel Botwin to maintain this action, for it established the legal right of Wise to the patent, did the latter no harm, but cleared his title to the land which he had contracted to sell to Botwin. This ground of defense is, therefore, unavailing to defendant.

[2] Upon the second ground of defense the defendant has neither presented nor cited any statutes of the United States declaring that a contract, such as that set out in the complaint, was illegal and void. We find, however, that the courts have very carefully considered such contracts and have established their validity. In the case of *Myers* v. *Croft*, 13 Wall. 291, [20 L. Ed. 562, see, also, Rose's U. S. Notes], the court said: "The object of Congress was at-

tained when the pre-emptor went with clean hands to the land office and proved up his right, and paid the government for his land. Restriction upon the power of alienation after this would injure the pre-emptor and could serve no purpose of public policy. . . . The legislation was directed against the assignment or transfer of the *right* secured by the act, which was the right of pre-emption, leaving the pre-emptor free to sell his land after entry if at that time he was in good faith the owner of the land and had done nothing inconsistent with the provisions of the law on the subject." (See, also, *Merrill* v. *Clark,* 103 Cal. 367, [37 Pac. 238].) These decisions clearly determine the present controversy. There is no merit in this appeal.

In the present case the appellant has manifested a spirit of indifference which invites the criticism of this court. No reply brief was filed by appellant in response to respondent's brief. No stipulation was entered into between the parties that the matter should be submitted upon the briefs on file. Counsel for respondent, having traveled from Los Angeles to San Francisco, appeared before the court and argued his cause. The court finding there was no merit in the appeal now concludes that there was no reason for such appeal, except for delay.

It is therefore ordered that, in addition to the costs of this appeal, respondent recover from appellant the sum of one hundred dollars as damages on account of the appeal herein having been "made for delay."

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.