[Civ. No. 3933. Second Appellate District, Division One.—October 23, 1922.]

MOSES B. DAVIS, Respondent, v. ARTHUR S. FELL, Appellant; MARY L. VICKREY, Intervener and Respondent.

[1] PUBLIC LANDS —CONTEST— FEDERAL DECREE— RES ADJUDICATA — EJECTMENT—EVIDENCE.—Where the contest of a desert land entry is sustained by the United States land officials and the contestant is granted the right of preference to make entry, and he files a homestead claim, but, because of the fact that the person holding under a contract of purchase from the desert land entryman refuses to yield possession and, therefore, he is unable to satisfy the homestead requirements, he institutes an action in the federal court to obtain such possession, and that court decides that the land officials incorrectly decided the contest and holds that the desert land entry and the contract of sale were good, that decision is *res adjudicata* as to the rights of the respective parties; and in a subsequent action in ejectment in the state court between the same parties, but brought by said contestant after he had been issued a patent under his alleged homestead entry, it is error to refuse to admit in evidence such federal court judgment.

[2] ID.—VOID LAND OFFICIAL DECISIONS—UNAUTHORIZED PATENT.—The right of said homestead entryman to a patent having depended solely upon the correctness of the decisions made in his contest of the desert land entry, once the decisions of the land officials in his favor were adjudicated to be null and void there was no basis for the issuance to him of a patent, and the acquiring of such patent gave no new right of action from that possessed by him when the judgment was rendered against him by the federal court in his previous action.

[3] ID.—ABSENCE OF PATENT—JURISDICTION OF FEDERAL COURT.—The fact that patent had not issued at the time the action was commenced in the federal court did not deprive that court of jurisdiction where the right of the desert land entryman to a patent had theretofore accrued and the land officials had therefore made final decision against said desert land entryman and the person who had contracted to purchase the land from him, and in favor of the contestant, the plaintiff in said federal court action. (On denial of rehearing.)

3. Interference by courts to protect possessory rights as between conflicting claimants to public lands, note, 12 **Ann. Cas.** 32.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

L. B. Stanton for Appellant.

C. L. Brown for Respondent.

Chas. L. Childers for Intervener.

JAMES, J.—This action, as the complaint formulated it, was one of ejectment to recover possession of a tract of 160 acres of land in the county of Imperial. Damages in the sum of $3,000 as the value of the rents was also prayed for by the plaintiff. The judgment awarded the relief demanded, including the full amount of damages asked for, from which judgment the defendant A. S. Fell has taken his appeal.

In answer to the plaintiff's complaint, appellant denied the right of the plaintiff to possession of the property and alleged such right to be in appellant as successor in interest of Levi C. Vickrey, deceased. An additional defense was presented by the answer of appellant, to wit, that there had been an adjudication of the matters in controversy in an action brought by the same plaintiff against appellant in the federal district court.

In a cross-complaint appellant joined Mary L. Vickery, as administratrix of the estate of Levi C. Vickrey and also as for her own interest, and the prayer of the cross-complaint was that there be a determination made that appellant was entitled to possession of the property as against both the plaintiff and the Vickrey interests. Mary L. Vickrey, in her individual capacity, answered the cross-complaint and on her part asserted a right to have possession of the property. The facts as alleged constituting her defense against the plaintiff's claim were in the main identical with the facts alleged by appellant, except that she did not assert a defense based upon a prior adjudication in the same controversy.

Plaintiff's sole claim of right to possession of the land was based upon patent issued by the government of the United

States on January 14, 1919, under an alleged homestead entry made by the said Davis. The further facts in connection with the circumstances under which the paper title was acquired and as they affect the appellant are these: On October 16, 1901, Levi C. Vickrey made entry under the Desert Land Act of 240 acres of land, which was at that time property of the United States and open for entry. On April 25, 1903, Vickrey entered into an agreement with appellant to sell to appellant 160 acres of that land and at about the same time made a contract with a man named Whipple to sell him the remaining 80 acres. Appellant immediately took possession of the 160 acres, which was arid and worthless except as it might be made productive by irrigation. Appellant made improvements thereon, obtained water and cultivated the land, expending in such endeavors approximately $5,000. He erected fences and occupied the land as a home for a number of years continuously after receiving his contract from Vickrey, and by 1908 the land had become fully productive and was worth many times the value it had when Vickrey made his entry thereon. Appellant paid the sum of $400 to Vickrey upon receiving his contract, and he had made, in addition thereto, by June, 1909, thirty-six payments of $15 each. Subsequent payments of other amounts have been made. [1] In July of 1905 Vickrey made final proof under his entry and final payment of all moneys due the government, which moneys were accepted and receipt issued. His proof as to improvements was based upon appellant's expenditures and labor. In November of 1908, plaintiff Davis filed in a local land office a contest by which he sought to have nullified the right of Vickrey to a patent, upon the ground that the entryman, before making final proof, had made an unlawful contract to sell the land to appellant. The decision of the officers of the local land office, and the decision of the commissioner on appeal, and also the decision of the Secretary of the Interior, sustained the contest, declared the Vickrey entry to be fraudulent and unlawful, and granted the right of preference to make entry to plaintiff Davis, who on January 30, 1913, filed homestead claim. The property being occupied by appellant, Davis was unable to secure possession in order to satisfy the homestead requirements, and on October 27, 1915, he commenced an

action in equity against this appellant and his wife and daughter in the district court of the United States for the southern district of California. In that action this plaintiff alleged the necessary jurisdictional facts showing the case involved a construction of the land laws of the United States so as to entitle the complainant there to pursue the remedy asked for. In that action a mandatory injunction was asked for requiring the defendant A. S. Fell (appellant here) to cease holding possession of the property. The right of the complainant in the equity suit was based wholly upon the proceedings had in connection with and subsequent to the contest made of the Vickrey entry. That action necessarily involved a consideration of the acts and decisions of the land officials which have hereinbefore been referred to. All of those things clearly appeared from the evidence heard, and the certified record of the proceedings had in the federal court, which record was offered in evidence in this action by the appellant. The court refused to admit the evidence to show the making of the former judgment, and for that error the appellant first claims the right to a new trial. It seems fairly to be inferred from the judgment of the court as made in the present case that the trial judge concluded that because the government in January, 1919 (a little more than a year after the date of the federal decree), issued its patent to plaintiff Davis, the judgment in the federal case was not *res adjudicata* because the granting of the patent evidenced a new and different right in Davis from that which was considered by the federal court. In taking that position we think the trial court was in error. The effect of the federal decision was to hold that the land officials incorrectly decided the contest made by Davis, and held that the Vickrey entry and the contract of appellant were good. The court had jurisdiction to review the action of the officers of the Land Department. (*Gage* v. *Gunther,* 136 Cal. 338 [89 Am. St. Rep. 141, 68 Pac. 710] ; *Sanders* v. *Dutcher,* 168 Cal. 353 [143 Pac. 599] ; *McLaren* v. *Fleischer,* 181 Cal. 607 [185 Pac. 967].) Whether the questions were correctly decided is not open to discussion here. The judgment of the federal court, rendered within its jurisdiction, was subject to direct attack only. [2] As Davis' right to a patent depended solely upon the correctness of the decision made in

the contest proceeding, once those decisions were adjudicated to be null there would be no basis for the issuance of the Davis patent; hence the acquiring of such a patent would give no new right of action from that possessed by Davis when the judgment was rendered in the equity suit by the federal court. (*Buyers* v. *Neal,* 43 Cal. 210; *Shinn* v. *Young,* 57 Cal. 525; *Thrift* v. *Delaney,* 69 Cal. 188 [10 Pac. 475]; *Phelan* v. *Tyler,* 64 Cal. 80 [28 Pac. 114].) Under the federal court decree, as it related to the facts concerning the Vickrey entry, a patent should have been issued in conformity with law. It was admitted that final proof as well as money payments had been made by Vickrey; hence nothing remained in the government but the naked legal title; there was no beneficial interest left which governmental agencies had the right to control. The required act of issuing a patent was a ministerial one only and devolved as a mandatory duty upon the officers charged with the administration of the Land Department. (*United States* v. *Grover,* 227 Fed. 181; *Witcher* v. *Conklin,* 84 Cal. 499 [24 Pac. 302]; *Graves* v. *Hebbron,* 125 Cal. 400 [58 Pac. 12]; *Merrill* v. *Clark,* 103 Cal. 367 [37 Pac. 238]; *Sanders* v. *Dutcher, supra.*)

The question of any reciprocal rights or equities existing between appellant Fell and Mrs. Vickrey would be immaterial to the plaintiff. The whole foundation of plaintiff's right to possession of the land utterly failed when the federal court determined that his contest made as against the Vickrey entry was wrongly decided. It seems unnecessary to go to any greater length in a discussion of questions argued in the briefs as between Davis and Fell. For the error in refusing to admit the judgment records, a new trial must be ordered. At that trial it may be assumed that such record will be introduced and that the evidence will show plaintiff to be without right to the remedy sought in this action. The case as between A. S. Fell and Mrs. Vickrey will need further attention at the hands of the trial court. It appeared here in evidence that A. S. Fell had offered to pay the remaining portion of the price agreed to be rendered, to Mrs. Vickrey upon condition that she secure to him title to the land. He offers in his cross-complaint to do equity toward Mrs. Vickrey as the court may decree.

It was defendant A. S. Fell's contention that he had been compelled to purchase water stock in lieu of that agreed to be delivered by his vendor. If such was the case, a proper allowance should be made as a credit. As between A. S. Fell and Mrs. Vickrey the court should adjust the account. Upon the adjustment figures being arrived at, decree should be rendered requiring the transfer of title to the land by plaintiff and Mrs. Vickrey to said A. S. Fell upon the condition that Fell should first pay to Mrs. Vickrey any amounts of money found due to her.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 18, 1922, and the following opinion then rendered thereon:

THE COURT.—[3] In his petition for rehearing filed herein respondent specially insists that the decree of the federal district court pleaded in bar by defendant A. S. Fell was rendered without jurisdiction because the action was brought there before patent issued, and cites an opinion of a district court judge in *Northern Lumber Co.* v. *O'Brien et al.,* 124 Fed. 819. In that case the action was brought while the controversy as between different claimants was still pending and undetermined before the commissioner of the land office. This case differs from that, for final decision had been made in the Land Department adverse to the Fell interests before the action was brought in the district court by respondent, resulting in the decree which was pleaded in bar. As to the Fell interests, the right to a patent had accrued prior to the bringing of that action. We cite two decisions of the United States supreme court which are applicable and fully answer the contention made by respondent. In *Stark* v. *Starr et al.,* 6 Wall. 402 [18 L. Ed. 925, see, also, Rose's U. S. Notes], the court said: "The right to a patent once vested is treated by the government when dealing with the public lands as equivalent to a patent issued." And in *Barney* v. *Dolph,* 97 U. S. 652 [24 L. Ed. 1063], "When the right to a patent once became vested in a settler under the law, it was equiva-

lent, so far as the government was concerned, to a patent actually issued.''

The petition for rehearing is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1922.

All the Justices present concurred.